No. 85-131

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

W. D. CONSTRUCTION, INC., ROYAL VILLAGE,
INC., W. E. DITEMAN and LANORA DITEMAN,
VALLEY BANK OF BELGRADE, a Montana banking
corporation, MIKE N. STEINER, ELIZABETH M.
STEINER, PATRICIA M. STEINER, MARK STEINER
and MONTANA WILLIAMS DOUBLE DIAMOND CORPORATION,
a Montana corporation, LILLIAN E. WILLIAMS, its
president,

        Defendants, Plaintiffs, Third Party
        Plaintiffs and Appellants,

-vs-

THE BOARD OF COUNTY COMMISSIONERS OF GALLATIN
COUNTY, MONTANA,

        Defendant, Third Party Defendant
        and Respondent.

_____

APPEAL FROM:  District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin,
              The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nash, Wellcome, Frost, Guenther & Zimmer; Page
        Wellcome, Bozeman, Montana  (W.D. Contruction, Royal
        Village, W.E. Diteman, Lanora Diteman, Valley Bank of
        Belgrade)
        McKinley Anderson argued for Mike Steiner, Elizabeth
        Steiner, Patricia Steiner & Mark Steiner, Bozeman,
        Montana
        Goetz, Madden & Dunn; William L. Madden, Bozeman,
        Montana  (Mont. Williams Double Diamond Corp., Lillian
        E. Williams, President)

    For Respondent:

        A. Michael Salvagni, County Attorney, Bozeman, Montana
        Landoe, Brown, Planalp, Kommers & Johnstone; Calvin
        Braaksma argued, Bozeman, Montana
        Joseph Sabol, Bozeman, Montana

                        Submitted: September 19, 1985
                        Decided: October 31, 1985

Filed: OCT 31 1985

_____
                  Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, Mark Steiner (Steiner), brought a negligence action against Gallatin County (County) and the Board of County Commissioners of Gallatin County (Commissioners) for damages allegedly arising when the Commissioners granted final approval of the plat of Royal Village Subdivision without requiring subdivision improvements or a bond guaranteeing such improvements. The Gallatin County District Court concluded that the County and Commissioners were immune from suit under § 2-9-111, MCA, and dismissed them from the case on the grounds Steiner had failed to state a cause of action upon which relief could be granted. All other parties to the suit appeal. We affirm.

The issue on appeal is:

Are Gallatin County and the Commissioners immune from suit for negligence in the administration of state statutes or subdivision regulations in connection with the approval of the plat of Royal Village Subdivision in Gallatin County?

Steiner's complaint alleged the following facts:

> That on the 26th day of February, 1975 . . . Commissioners adopted the regulations known as the "Gallatin County Subdivision Regulation" . . .

> That said regulations were designed for the purpose of insuring that all improvements required by the Gallatin County Subdivision Regulation would be in place or necessary escrow deposits or bonds would be furnished before the developers of the subdivision would be able to file their subdivision plat and sell lots to the general public; that said regulations were specifically intended for the protections of the buyers of the subdivision lots in order to insure that the utilities would be in place, and that said buyers could use said lots for building purposes; . . .

> That . . . Commissioners . . . have violated the . . . regulation . . . by granting final approval of the plat of Royal Village Subdivision . . . without requiring the subdivider, Royal Village, Inc., Wallace E. Diteman and LaNora Diteman, to have first installed all of the required improvements, . . . or, in the alternative, to have first entered

2

> into a written subdivision improvement
> agreement with . . . Commissioners . . .
> posting a bond guaranteeing the construc-
> tion and installation of all required
> improvements . . .
>
> That as a direct and proximate result of
> the carelessness, negligence, failure,
> omission or refusal of the . . . Commis-
> sioners . . . to, follow and abide by
> Gallatin County Subdivision regulations
> pertaining to approval of the subdivision
> plat for Royal Village Subdivision, the
> Plaintiff . . . has sustained damages in
> a sum that is at this time undetermined
> . . .

A Commissioner stated by deposition that at the time the plat was approved a good share of the utilities were already in place. The roads were partially complete and some of the water and sewer lines were in. The Commissioner further stated that the Board did not require Diteman to complete the improvements or post a bond because everything was in progress and looked like it was going to be finished.

Steiner contends that the Commissioners' failure to comply with its own subdivision regulations is negligence governed by § 2-9-102, MCA:

> <u>Governmental entities liable for torts</u>
> <u>except as specifically provided by legis-</u>
> <u>lature.</u>  Every governmental entity is
> subject to liability for its torts and
> those of its employees acting within the
> scope of their employment or duties
> whether arising out of a governmental or
> proprietary function except as specifi-
> cally provided by the legislature under
> Article II, section 18, of The Constitu-
> tion of the State of Montana.

Commissioners contend that a legislative body and its members are immune from suit for damages arising from legislative acts or omissions under § 2-9-111, MCA. That section provides:

> <u>Immunity from suit for legislative acts</u>
> <u>and omissions.</u>
>
> (1)  As used in this section:
>
> (a)  the term "governmental entity"
> includes the state, counties, municipali-
> ties, and school districts;
>
> (b)  the term "legislative body" includes
> the legislature vested with legislative

3

power by Article V of The Constitution of the State of Montana and any local governmental entity given legislative powers by statute, including school boards.

(2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.

(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.

(4) The immunity provided for in this section does not extend to any tort committed by the use of a motor vehicle, aircraft, or other means of transportation.

Steiner argues that under § 2-9-102, MCA, the County and Commissioners are responsible in tort for the failure of the Commissioners to comply with their own subdivision regulations. In particular, Steiner argues that B.M. v. State of Montana (Mont. 1982), 649 P.2d 425, 39 St.Rep. 1285, is dispositive of this issue. In B.M. v. State a minor child brought a claim against the State and other school authorities for damages arising from placement in a special education program. The issue of immunity under § 2-9-111, MCA, was neither raised nor discussed in B.M. v. State and therefore that case is not dispositive of the issue before us.

Section 2-9-111, MCA, was enacted in 1977. In determining the legislative intent, this Court looks first to the plain meaning of the words used in the statute. Dorn v. Bd. of Trust. of Billings Sch. Dist. (Mont. 1983), 661 P.2d 426, 430, 40 St.Rep. 348, 352. By its terms, this code section answers the issue presented.

Subsection (2) of § 2-9-111, MCA, declares that a governmental entity is immune from suit for an omission of its legislative body. In this instance, the claimed negligent act was the failure of the Commissioners to require compliance with subdivision regulations prior to approval of

4

the plat. That comes expressly within the plain language of subsection (2). In substance, that paragraph provides that Gallatin County is immune from suit for an act of its legislative body, the Board of County Commissioners.

In a similar manner, subsection (3) of § 2-9-111 provides that a member of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty. Again, by the express terms of the statute, the members of the Board of County Commissioners are immune from suit for damages arising from a discharge of their official duty, that being the approval of a plat.

We therefore hold that Gallatin County and the Board of County Commissioners of Gallatin County are immune from suit for negligence in the administration of state statutes and subdivision regulations in connection with the approval of the plat of Royal Village Subdivision.

We affirm the judgment of the District Court.

                    Justice

We concur:

Chief Justice

Justices

5