No. 89-168

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

CECIL P. MILLER,

        Plaintiff and Appellant,

  -vs-

FALLON COUNTY,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Sixteenth Judicial District,
In and for the County of Fallon,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Donald W. Molloy argued; Anderson, Edwards & Molloy,
Billings, Montana

    For Respondent:

        Calvin J. Stacey argued; Keefer, Roybal, Hansen, Stacey
& Walen, Billings, Montana
Denzil R. Young argued, Fallon County Attorney, Baker,
Montana

    For Amicus Curiae:

        William L. Crowley; Boone, Karlberg & Haddon, (David
R. Brown), Missoula, Montana

_____

Submitted: September 25, 1989

Decided: December 13, 1989

_____
Clerk

FILED
Filed
'89 DEC 13 PM 4 21
ED SMITH CLERK
MONTANA SUPREME COURT

Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from an order by the District Court, Sixteenth Judicial District, Fallon County, Montana. The District Court granted summary judgment in favor of defendant, concluding that plaintiff's suit against Fallon County was barred because the county was statutorily immune from suit. Plaintiff appeals. We affirm.

The issues on appeal are:

1. Did the District Court err in granting summary judgment in favor of defendant Fallon County by determining that, pursuant to § 2-9-111, MCA, the County is immune from suit?

2. Is § 2-9-111, MCA, constitutional?

Cecil Miller was injured when his truck, an 18-wheeler, failed to negotiate a curve on a county road on November 3, 1982. Mr. Miller was an independent trucker. He and his wife were carrying a load of lumber from Townsend, Montana, to Minnesota and elected to use secondary roads since they did not possess the required permits to travel on the interstate highway. South of Baker, Montana, Mr. Miller began traveling on a two-lane graveled county road. He approached a curve known as "Russley's Corner," which was unsigned at that time. Mr. Miller lost control of the truck on this curve and went off the road and down an embankment.

Mr. Miller's wife, Linda, was also injured in this accident. She previously filed suit against her husband and his alleged employer. That case was appealed to this Court and decided in Miller v. Fallon County (1986), 222 Mont. 214, 721 P.2d 342.

Cecil Miller subsequently filed suit on his own behalf against Fallon County, alleging negligence in construction, maintenance, and signing of the county road. Defendant moved

nity. We begin therefore by explaining the county's system for road construction and maintenance.

Fallon County is divided into three road districts. The Fallon County Board of Commissioners (Board) is in charge of the county roads, with one commissioner assigned to each district. Mr. Delane Beach, a member of the Board, was assigned to the road district in which Mr. Miller's accident occurred. At the time of the accident, the road foreman for this district was Mr. Harold Wiseman.

In applying § 2-9-111, MCA, to the present case, Fallon County is a "governmental entity" and the Board of Commissioners is its "legislative body." Pursuant to subsection (2) the County is immune from suit for an act or omission of its Board of Commissioners or a "member, officer. or agent thereof." Therefore, on its face, the language of the statute grants immunity to Fallon County for any act or omission of its Board of Commissioners. Additionally, it grants immunity to the County for acts or omissions of Mr. Beach, a member of the Board, or for acts or omissions of agents of the Board.

In the present case, it is not disputed that the road foreman, Mr. Wiseman, was an agent of the Board.

"Agency" is defined as follows:

> Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and be subject to his control, and consent by the other so to act.

Restatement of the Law of Agency 2d § 1 (1958). Additionally, the agency status of the road foreman is contemplated by statute. Section 7-14-2121, MCA, authorizes the Board to divide the county into road districts and place a road supervisor in charge of each district. Section 7-14-2122, MCA,

4

delineates the road supervisor's responsibilities, which are to be performed "[u]nder the direction and control of the board." We conclude that Mr. Wiseman was clearly an agent of the Board. We point out that this agency status could be extended to the road crews pursuant to our recent holding in State of Montana ex rel. Eccleston v. Montana Third Judicial District Court (Mont. 1989), ___ P.2d ___, 46 St.Rep. 1929, (custodians of school district are agents of school board for purposes of immunity under § 2-9-111, MCA). The plain language of the statute therefore extends immunity to Fallon County for acts or omissions of the Board, Mr. Beach, and Mr. Wiseman.

In its grant of summary judgment the District Court relied on this Court's previous holdings in W.D. Const. Inc. v. Bd. of County Com'rs (1985), 218 Mont. 348, 707 P.2d 1111 (county and commissioners were immune from suit arising out of commissioners' approval of a plat for subdivision); Barnes v. Koepke (1987), 226 Mont. 470, 736 P.2d 132 (county and commissioners were immune from suit which arose out of commissioners' decision not to renew a hospital lease); Bieber v. Broadwater County (Mont. 1988), 759 P.2d 145, 45 St.Rep. 1218 (county and commissioners were immune from suit for commissioners' termination of county employee). Recently, the decision of Peterson v. Great Falls School District 1 and A (Mont. 1989), 773 P.2d 316, 46 St.Rep. 880, has been issued, which follows the holdings of the previous cases. In Peterson this Court determined that the school district was immune from suit for the discharge of a custodian.

Plaintiff attempts to distinguish these cases by stating that all prior cases involved a decision by the Board, which was found to be a legislative act. He urges that the present case does not involve a decision by the Board. Plaintiff contends that the only involvement the Board of

5

for summary judgment asserting immunity as an affirmative defense. That motion was granted.

## I

Did the District Court err in granting summary judgment in favor of defendant Fallon County by determining that, pursuant to § 2-9-111, MCA, the County is immune from suit?

Plaintiff's complaint alleged that Fallon County was negligent in designing, constructing, maintaining and signing the corner where the accident occurred. Defendant Fallon County moved for summary judgment, claiming immunity. The District Court granted summary judgment in favor of defendant pursuant to § 2-9-111, MCA, which provides:

> Immunity from suit for legislative acts and omissions. (1) As used in this section:
> (a) the term "governmental entity" includes the state, counties, municipalities, and school districts;
> (b) the term "legislative body" includes the legislature vested with legislative power by Article V of The Constitution of the State of Montana and any local governmental entity given legislative powers by statute, including school boards.
> (2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.
> (3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.
> (4) The immunity provided for in this section does not extend to any tort committed by the use of a motor vehicle, aircraft, or other means of transportation.

The issue before this Court is whether the District Court was correct in determining that the acts or omissions in the present case fit within this statutory grant of immu-

3

Commissioners had in the construction, maintenance, and signing of the road where the accident occurred, was the initial decision to build the road. He urges that the present case only involves acts or omissions of employees. Thus, he distinguishes the present case on a factual basis. As a legal argument, plaintiff also urges that the language of the statute only grants immunity for legislative acts, not administrative acts. He contends that the present case only involves administrative acts.

We conclude that plaintiff's contentions fail both factually and legally. Although plaintiff contends that as a matter of fact, the only involvement by the Board of Commissioners was the decision to build the road, deposition testimony belies this contention. The deposition of the County Commissioner in charge of this road, Mr. Delane Beach, and the deposition of Mr. Harold Wiseman, demonstrate rather extensive and continuous involvement by the Board of Commissioners in road construction and maintenance.

Because factually this involvement unequivocally establishes the county's right to claim immunity in this case, we set out this involvement in some detail. In substance this testimony established that all three commissioners determined priorities on new construction, on any major project, and on budgeting. The commissioners as a group made decisions regarding implementation of state recommendations regarding roads, bridges, etc.

In regard to new construction, Mr. Beach stated that he gave general direction to the road crews, such as directing that a road be constructed along section lines. While many details were left up to the judgment of the road foreman and road crews, Mr. Beach also participated in specific decisions regarding the width and slope of certain roads. In regard to maintenance, Mr. Beach testified that he drove all the roads

6

in his district twice a year, identifying roads, bridges, and culverts which needed repair. This information was then given to the road foreman, along with any complaints Mr. Beach had received. He stated that he would work closely with the road foreman and the crew in deciding where repairs were needed, and that he would personally follow up to be sure the actual repairs were made. Mr. Beach stated that the road foreman was to use his judgment as to which corners required signs, and once the decision to sign was made, the sign was to be in accordance with the Traffic Control Manual.

Mr. Beach also stated that he was the individual who gave the order for the reconstruction of Russley's Corner in the mid-1970's. He stated that it was he who determined that the corner needed a "gentler" curve. Additionally, Mr. Wiseman's testimony indicated that Mr. Beach was personally involved in decisions regarding the construction and maintenance of the roads. We conclude that any acts or omissions complained of in the present case were acts or omissions of the Board, its members, and its agents.

On a legal basis, plaintiff contends that only legislative acts are immune, not administrative acts. He urges that the acts complained of in the present case are administrative rather than legislative or discretionary. Plaintiff suggests the effect of granting immunity in this case is to create blanket immunity to the county. He urges this is not the intent of § 2-9-111, MCA.

In urging this distinction between legislative and administrative acts, plaintiff refers the Court to the language of the Montana Constitution, Article II, Section 18, and § 2-9-102, MCA.

Article II, Section 18, states:

State subject to suit. The state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property, except as may be specifically provided by law by a 2/3 vote of each house of the legislature.

Section 2-9-102, MCA, states:

Governmental entities liable for torts except as specifically provided by legislature. Every governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties whether arising out of a governmental or proprietary function except as specifically provided by the legislature under Article II, section 18, of The Constitution of the State of Montana.

Plaintiff urges that any statute granting immunity is an exception to the general rule of liability and must be narrowly construed, citing B.M. v. State (1982), 200 Mont. 58, 649 P.2d 425.

The present Montana Constitution, enacted in 1972, abolished sovereign immunity through Article II, Section 18, yet empowered the legislature to reestablish immunity by a two-thirds vote of each house. In 1977 the legislature enacted § 2-9-111, MCA, and also amended § 2-9-102, MCA, to its present form. By enacting § 2-9-111, MCA, the legislature, by its power, granted immunity to counties.

Although the statute is entitled "Immunity from suit for legislative acts and omissions," our previous interpretations of this statute have rejected the contention that only acts or omissions which are legislative in nature are immunized. In Bieber, this Court stated,

Bieber initially argues that the District Court incorrectly assessed the meaning of § 2-9-111, MCA, and its applicability to the Commissioners' action. He asserts that the statute

8

represents a narrow exception to the constitution-
ally mandated rule of no sovereign immunity and as
such its protection is limited to purely "legisla-
tive" acts and excludes day to day "administrative"
responsibilities such as the firing of a county
employee.

. . .

Appellant asks that we recognize the distinc-
tion between administrative acts which should not
be protected and legislative acts which should be
protected. We decline to give credence to appel-
lant's argument because the plain language of the
statute makes no such distinction. As we have
stated, this Court will not delve outside the plain
meaning of the words used in a statute. See,
W.D. Construction, 707 P.2d at 1113 and Barnes, 736
P.2d at 134.

Bieber, 759 P.2d at 146, 147.

Recently, in Peterson we reiterated that "the action of
the legislative body need not be legislative in nature to
afford immunity." Peterson, 773 P.2d at 318. Peterson
involved the termination of a school district custodian by an
administrative assistant. The discharge was ratified by the
school board at a subsequent meeting. We noted that
§ 2-9-111, MCA, clearly extended immunity to school dis-
tricts, school boards, and their agents. We also found it
significant that school districts are statutorily authorized
to hire and dismiss custodians pursuant to § 20-3-324(2),
MCA. Thus we concluded that the immunity statute clearly
applied to that situation.

The present case is analogous to Peterson, and we
conclude that the holding in Peterson is controlling. As
previously established, the plain language of the statute
grants immunity to the county for actions of its Board, and
the Board's members and agents. This immunity is fortified
in the present case since by statute the Board is assessed

9

many statutory powers and duties in relation to the county roads. See 7-14-2101 through 2125, MCA. These statutorily mandated duties necessitate extensive involvement by the Board and its agents in decisions regarding road construction and maintenance.

We conclude that the acts or omissions complained of are acts by the Board of Commissioners, or by a member, or by its agent, for which Fallon County is immune from suit. Accordingly, we affirm the grant of summary judgment in favor of Fallon County.


II

Is § 2-9-111, MCA, constitutional?

Plaintiff contends that § 2-9-111, MCA, is unconstitutional because it denies him full legal redress, which is a fundamental right. He urges that granting immunity to counties classifies victims of torts according to whether they are injured by the state, county, or a private party, which is a denial of equal protection. He contends that since this classification affects a fundamental right, it requires a compelling state interest. He urges there is no compelling state interest.

In Peterson we addressed this same contention, stating that the right involved was access to the courts, rather than full legal redress. Since access to the courts is not a fundamental right, Bieber, 759 P.2d at 148; Linder v. Smith (Mont. 1981), 629 P.2d 1187, 1190, 38 St.Rep. 912, 915, the State need only show a rational relationship. As in Peterson, we reaffirm the determination that the statute at issue has previously passed the rational relationship test. We also note that this Court has recently decided that full legal redress is not a fundamental right under the Montana Constitution. See Meech v. Hillhaven West, Inc. (Mont.

10

1989), 776 P.2d 488, 46 St.Rep. 1058.   We conclude that §
2-9-111, MCA, is constitutional.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice John C. Sheehy, dissenting:

For the same reason I expressed in the case of Peterson
v. Great Falls School Dist. No. 1 and A (1989), ___ Mont. ____,
773 P.2d 316, 319, I dissent to the foregoing Opinion.

_____
Justice

I concur in the foregoing dissent of Justice Sheehy.

_____
Justice

11